THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PAWEL MARCHEL, Defendant-Appellant.

First District (2nd Division)    No. 1—03—0018

Opinion filed May 4, 2004, *nunc pro tunc* March 9, 2004.

Edwin A. Burnette, Public Defender, of Chicago (Diane Slocum, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and Alan J. Spellberg, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BURKE delivered the opinion of the court:

Following a bench trial, defendant Pawel Marchel was convicted of possession of a controlled substance and sentenced to 15 months' probation. On appeal, defendant contends that the trial court improperly denied his motion to quash arrest and suppress evidence because the investigatory stop was not justified. Defendant also contends that the police officer conducted an illegal search because he did not have probable cause to arrest. For the reasons set forth below, we reverse.

The following undisputed facts were presented at the suppression hearing. Officer White testified that on January 22, 2002, at approximately 4:55 p.m., he and his partner were on routine patrol in a marked squad car in the area of 4815 West Ferdinand Street in Chicago. White had been assigned to that particular district for three years. He described the area as "highly drug infested" and stated that he had made close to 100 drug arrests in the area. He observed defendant from about 50 feet away. Defendant looked toward White's direction and made a "furtive" movement toward his mouth. White admitted that he did not actually see an object, but stated that defendant's particular movement caused him to suspect that defendant had made an attempt to conceal narcotics. White approached defendant and asked him how he was doing. Defendant simply shrugged his shoulders. White then asked defendant what he was doing in the neighborhood. Defendant again shrugged his shoulders. White subsequently asked defendant if "he could open his mouth." Defendant complied, and White observed four bags containing suspect cocaine in defendant's mouth and subsequently arrested defendant.

Thereafter, the trial court denied defendant's motion to quash arrest and suppress evidence.

Following a stipulated bench trial, defendant was convicted of possession of a controlled substance and sentenced to 15 months' probation.

On appeal, defendant first contends that Officer White was not justified in conducting an investigatory stop because he did not actually see defendant place any objects in his mouth or witness defendant commit any crimes.

■ Where the facts and the credibility of the witnesses are not in dispute, our review of a defendant's legal challenge to the denial of his motion to quash arrest and suppress evidence is *de novo*. *People v. Sorenson*, 196 Ill. 2d 425, 431 (2001).

■ The fourth amendment to the United States Constitution guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and

seizures." U.S. Const., amend. IV. Reasonableness under the fourth amendment generally requires a warrant supported by probable cause. *People v. Flowers*, 179 Ill. 2d 257, 262 (1997). However, under the limited exception to the warrant requirement recognized by the Supreme Court in *Terry v. Ohio*, 392 U.S. 1, 30, 20 L. Ed. 2d 889, 911, 88 S. Ct. 1868, 1884 (1968), where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot, the officer may briefly stop the suspicious person and make "reasonable inquiries" aimed at confirming or dispelling his suspicions. See also 725 ILCS 5/107—14 (West 2002) (codification of temporary questioning without arrest aspect of *Terry*). In order to make such a stop, the officer must have a reasonable and articulable suspicion that the person has committed, or is about to commit, a crime. *Illinois v. Wardlow*, 528 U.S. 119, 123-24, 145 L. Ed. 2d 570, 576, 120 S. Ct. 673, 676 (2000). The facts supporting the officer's suspicions should be considered from the perspective of a reasonable officer at the time the situation confronted him (*People v. Thomas*, 198 Ill. 2d 103, 110 (2001)), and due weight must be given to the specific reasonable inferences that the officer is entitled to draw from the facts in light of his experience (*Terry*, 392 U.S. at 27, 20 L. Ed. 2d at 909, 88 S. Ct. at 1883).

■ Based on the totality of the circumstances in the instant case, we find that the investigatory stop was not justified because Officer White failed to establish a reasonable and articulable suspicion that defendant was involved in criminal activity. Here, White testified that defendant made a "furtive" movement toward his mouth when he saw White's squad car. According to his own testimony, White did not actually see defendant place an object in his mouth. Based on this observation alone, White failed to establish a reasonable and articulable suspicion that defendant committed, or was about to commit, a crime and, therefore, was not justified in conducting an investigatory stop.

Even assuming the investigatory stop was proper, Officer White did not have the requisite probable cause to ask defendant to open his mouth. In order to make a valid, warrantless arrest, a police officer must have probable cause. *People v. Sims*, 192 Ill. 2d 592, 614 (2000). Probable cause to arrest exists when the facts known to the officer at the time of the arrest are sufficient to lead a reasonably cautious person to believe that the person arrested has committed a crime. *People v. Love*, 199 Ill. 2d 269, 279 (2002). The existence of probable cause depends upon the totality of the circumstances at the time of the arrest. *Sims*, 192 Ill. 2d at 615.

We find the instant case similar to *People v. Rainey*, 302 Ill. App. 3d 1011 (1999). In *Rainey*, the arresting officer observed the defendant

"loitering" with a group of people in the parking lot of a gas station in an area known for drug activity. The officer observed the defendant place unknown items into his mouth. The officer called over to the defendant and, when he approached, the officer placed one hand on the back of the defendant's head and the other on his throat and told him to open his mouth. The *Rainey* court held the totality of the circumstances did not establish probable cause to arrest because the defendant's furtive movement alone did not justify a warrantless arrest. *Rainey*, 302 Ill. App. 3d at 1015.

Similar to *Rainey*, defendant's movement here, without more, did not justify a warrantless arrest. Like the defendant in *Rainey*, defendant was not engaged in any criminal activity when Officer White approached him. Furthermore, defendant's movement toward his mouth amounted to nothing more than ambiguous conduct in light of the fact that White admitted that he did not see defendant place anything in his mouth. Accordingly, defendant's "equivocal" conduct alone did not provide White with probable cause to justify the warrantless search. See *Rainey*, 302 Ill. App. 3d at 1015.

In reaching our conclusion, we have considered *Love*, cited by the State, but find it distinguishable from the instant case. In *Love*, the officers saw the defendant take part in what they believed to be a narcotics transaction where the defendant removed an item from her mouth and handed it to an individual in exchange for money. Based on these observations, the supreme court held that the officers had probable cause to conduct a search incident to a lawful arrest by ordering the defendant to spit out the contents in her mouth. *Love*, 199 Ill. 2d at 280. Unlike the facts in *Love*, in the instant cases there was no lawful arrest before Officer White asked defendant to open his mouth.

For the reasons stated, we reverse the judgment of the circuit court.

Reversed.

WOLFSON, P.J., and GARCIA, J., concur.